UNITED STATES DISTRICT COURT
CONNECITCUT

OMAR RODRIGUEZ

    Plaintiff,

V.                                                  CIVIL ACTION NO

MIDLAND CREDIT MANAGEMENT, INC.

Defendant.                                    DECEMBER 23, 2014

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

### III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of New Haven, CT.

4. At all times material hereto, Defendant was doing business in Connecticut.

5. At all times material hereto, Defendant, was acting like a debt collector with a principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123..

6. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Connecticut.

## IV. FACTUAL ALLEGATIONS

7. On or about September 12, 2014, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent credit card account. (See Exhibit 1).

8. Defendant stated the amount due and owing was $3,829.99.

9. Defendant sent this account to The Law Offices of Howard Lee Schiff, P.C. "Collection Law Firm" who sent a collection letter dated October 23, 2014. (See Exhibit 2)

10. The collection law firm stated the amount due and owing was $2,244.39.

11. The Plaintiff asked the collection law firm, to validate the debt with their client Midland Credit Management and to itemize in writing what amount was owed on this alleged consumer debt.

12. Defendant Midland Credit Management in response to the Plaintiff's written dispute to their collection agents, The Law Offices of Howard Lee Schiff, was obligated to confirm the amount being collected was true and accurate.

13. Defendant provided the collection law firm with an written itemization and amount owed of $2,244.39 not the originally claimed amount of $3,829.99.

## V. DEFENDANTS' PRACTICES

14. It is or was the policy and practice of Defendant to communicate with Connecticut consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead CT consumers in violation of the FDCPA §1692e.

15. Defendant communicated with the Plaintiff and attempted to collect almost double than what was legally owed, and attempted to collect different amounts of debt.

16. Defendant's statement in its collection letter dated September 12, 2014 is clearly false, deceptive and misleading, pursuant to 15 U.S.C. §1692e (2) (a).

17. The Fair Debt Collection Practices Act 15 U.S.C. §1692e (2) (a).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of—
(A) the character, amount, or legal status of any debt.

### A. Unlawful Claim

18. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

19. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

20. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;
2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and
3. Such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esq.
The Kennedy Law Firm
1204 Main Street, # 176
Branford, CT 06405
bernardtkennedy@yahoo.com